10-1710-cv
Witkowich v. U.S. Marshals Serv., et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand eleven.

PRESENT:  AMALYA L. KEARSE,
            GERARD E. LYNCH,
            J. CLIFFORD WALLACE,[*]
                        *Circuit Judges.*

_____

MICHAEL F. WITKOWICH,
                       *Plaintiff-Appellant*,

        v.                               No. 10-1710-cv

UNITED STATES MARSHALS SERVICE, JOHN F. CLARK, as Director of the United States Marshals Service, ERIC H. HOLDER, JR., as Attorney General of the United States,
                   *Defendants-Appellees.*[**]

_____

_____

[*] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), John F. Clark, the Director of the United States Marshals Service, and Eric H. Holder, Jr., the Attorney General of the United States, are automatically substituted as defendants herein for their predecessors. The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the listing of the parties above.

FOR APPELLANT:        Rory J. Bellantoni (Jonathan Lovett, *on the brief*), Lovett & Bellantoni, LLP, Hawthorne, NY.

FOR APPELLEES:        Daniel P. Filor, Assistant United States Attorney (David S. Jones, Ross E. Morrison, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Michael F. Witkowich appeals from a judgment of the district court dismissing his amended complaint and granting summary judgment in favor of defendants-appellees the United States Marshals Service ("USMS"), USMS Director John F. Clark, and United States Attorney General Eric H. Holder, Jr.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2005, Witkowich, a longtime USMS employee, filed an EEOC charge and brought a discrimination suit against defendants under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34.  In his original complaint, he alleged that USMS had discriminated against him on the basis of his age, including by denying him promotions he deserved.  Defendants moved for summary judgment, and the district court (the late William C. Conner, *J.*) granted their motion with respect to Witkowich's discrimination claim.  Witkowich v. Gonzales, 541 F. Supp. 2d 572, 589-90 (S.D.N.Y. 2008).  However, the court sua sponte granted Witkowich leave to amend the complaint to assert a retaliation claim.  Id. at 590.

2

The district court concluded that Witkowich's allegations of discrimination were "simply too vague, conclusory, unsupported or otherwise legally insufficient" to rebut defendants' legitimate, nondiscriminatory justifications for not promoting plaintiff. Id. at 589. Although Witkowich cited a number of events that he claimed amounted to a "pattern and practice" of discrimination, the district court held that he had "offered absolutely no evidence that any of these events were motivated by bias. Plaintiff can not make up in quantity of allegations for what his case lacks in quality." Id. at 589-90 (internal quotation marks omitted). Witkowich does not appeal the grant of summary judgment dismissing his discrimination claims.

Witkowich did, however, file an amended complaint, alleging that USMS had retaliated against him in a number of ways for filing the EEOC charge and discrimination suit, in violation of the ADEA. See 29 U.S.C. § 633a(a) (barring age discrimination against federal employees older than age 40); Gomez-Perez v. Potter, 553 U.S. 474, 491 (2008) (interpreting 29 U.S.C. § 633a(a) as "prohibit[ing] retaliation against a federal employee who complains of age discrimination"). USMS retaliated against him, Witkowich alleged, "with the intent of denying [him] further career advancement opportunities, depriving [him] of benefits to which he was otherwise entitled, demeaning [him] in the workplace and with his peers, and forcing [him] to retire early," as he had "no reasonable alternative" but to leave the job.

Defendants moved for summary judgment on the retaliation claim, arguing, inter alia, that the actions of which Witkowich complained were not adverse for purposes of the ADEA,

3

and that they had legitimate, nonretaliatory justifications for each challenged action.  On March 31, 2010, the district court (George B. Daniels, *J.*) granted the motion, holding that (1) Witkowich could not establish a prima facie case of retaliation "because the incidents he complains of do not constitute adverse actions that would dissuade a reasonable person in plaintiff's position from filing a charge of discrimination"; (2) plaintiff could not establish a prima facie case that his transfers to other assignments were retaliatory, since he could not show "a sufficient causal connection" between the filing of his complaint and the transfers; and (3) the government had proffered legitimate reasons for its actions that Witkowich had failed to rebut.  Witkowich v. Holder, No. 05 Civ. 7756, 2010 WL 1328364, at *3-8 (S.D.N.Y. Mar. 31, 2010).  The district court therefore granted defendants' motion for summary judgment.  Id. at *8.

It is from this judgment that Witkowich appeals.  He argues that he made out a prima facie case of retaliation; that USMS's proffered reasons for its actions "were merely pretextual"; that the district court applied an incorrect summary-judgment standard; and that the district court failed to draw all reasonable factual inferences in his favor, as it was required to do.  Therefore, he asserts, the district court erred in granting USMS's motion for summary judgment on his retaliation claim.

We review a grant of summary judgment de novo, drawing all factual inferences in favor of the nonmoving party.  Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).  "Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter

4

of law." Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001); see also Fed. R. Civ. P. 56(a), (c). We may affirm only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted; alterations in original). "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

After having conducted an independent and de novo review of the record, we conclude that summary judgment was properly granted here, for substantially the same reasons that the district court gave in its thorough and well-reasoned memorandum and order. Witkowich fails to make out a prima facie case of retaliation; the allegedly retaliatory acts of which he complains do not constitute adverse actions under the ADEA, as the acts of which he complains would not "have dissuaded a reasonable employee in his position from complaining of unlawful discrimination." Kessler v. Westchester Cnty. Dep't of Soc. Servs., 461 F.3d 199, 209 (2d Cir. 2006), applying standard set by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-71 (2006). Additionally, even assuming arguendo that Witkowich had made out a prima facie case of retaliation, he failed to proffer evidence from which a reasonable jury could conclude that the legitimate, nondiscriminatory reasons offered by the government for its actions were pretexts for unlawful retaliation. See Holt v. KMI-Continental, Inc., 95 F.3d 123, 130 (2d Cir. 1996). Accordingly, the district court correctly granted defendants' motion for summary judgment.

**CONCLUSION**

We have considered Witkowich's other arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court